FILED

2013 JUL 15 AM 11: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRUDIE ROSENBACH, an individual,

    Plaintiff,

vs.

KEVIN P. ROSENBACH, M.D., P.A., a
Florida profit corporation, CAREONE
HEALTH CARE CENTERS, LLC, a
Florida limited liability company, NAPLES
ALLERGY CENTER, LLC, a Florida
limited liability company, TC TRUST, LLC,
a Florida limited liability company, and
TIMOTHY YABLONOWSKI, individually,

    Defendants.
_____/

CASE NO.:

2:13-cv-523-FtM-38DNF

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Trudie Rosenbach ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, Kevin P. Rosenbach, M.D., P.A. ("PA"), CareOne Health Care Centers, LLC ("CareOne"), Naples Allergy Center, LLC ("Naples Allergy"), TC TRUST, LLC ("TC"), and Timothy Yablonowski ("Yablonowski"), (collectively hereinafter, "Defendants") and alleges as follows:

### INTRODUCTION

1.    This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident of the Middle District of Florida, Fort Myers Division. At all times pertinent, Plaintiff worked for Defendants in the Middle District of Florida, Fort Myers Division.

5. Defendant PA was and is a Florida profit corporation conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA. Upon information and belief, Defendant PA is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

6. Defendant CareOne was and is a Florida limited liability company conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA. Upon information and belief, Defendant CareOne is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

7. Defendant Naples Allergy was and is a Florida limited liability company conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA. Upon information and belief, Defendant Naples Allergy is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

8. Defendant TC was and is a Florida limited liability company conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA. Upon information and belief, Defendant TC is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

9. Defendants PA, CareOne, Naples Allergy, and TC have interrelation of operations; centralized control of labor relations; common management; and common ownership or financial control. As such, for FLSA purposes, Defendants PA, CareOne, Naples Allergy, and TC represent a single, integrated enterprise.

10. Defendant, Yablonowski was and is an individual who operated Defendants PA, CareOne, Naples Allergy, and TC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendants PA, CareOne, Naples Allergy, and TC, and over Plaintiff, Defendant Yablonowski is an employer as defined by 29 U.S.C. § 201 *et seq*.

11. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29

U.S.C. § 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

12. Defendants employed Plaintiff as a licensed practical nurse ("LPN"). Plaintiff's primary job duties included providing nursing care to patients consistent with her license. As such, for FLSA purposes, Plaintiff was not employed in a bona fide executive, professional, or administrative capacity. Regardless, Defendants compensated Plaintiff on a salary basis, and misclassified Plaintiff as an exempt employee.

13. During her employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) her regular rate for overtime hours worked.

14. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendants.

15. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for such overtime hours.

16. Upon information and belief, the records to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I
### (Overtime Compensation Due Under The FLSA)

17. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 16 above.

18. Plaintiff was employed by Defendant PA from approximately October 2001 through June 13, 2013; by Defendants Naples Allergy, TC, and Yablonowski from July 2010 through June 13, 2013; and by Defendant CareOne from approximately April 2013 through June 13, 2013.

19. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

20. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

 a. accept jurisdiction over this action;

 b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

 c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

 d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

 e. entry of final judgment against Defendants; and

 f. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

*[signature]*

Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
Counsel for Plaintiff