UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRUDIE ROSENBACH, an individual

    Plaintiff,

v.                                                            Case No:   2:13-cv-523-FtM-38DNF

KEVIN P. ROSENBACH, M.D., P.A.,
CAREONE HEALTH CARE CENTERS,
LLC, NAPLES ALLERGY CENTER, LLC,
TC TRUST, LLC and TIMOTHY
YABLONOWSKI,

    Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the following filings:

1) Parties' Joint Motion for Approval of Settlement (Doc. 53) filed on November 24, 2014;

2) The Mediated Settlement Agreement (Doc. 53-1) filed on November 24, 2014;

3) The Order (Doc. 54) entered on December 4, 2014;

4) The Plaintiff's Response to Order (Doc. 55) entered on December 22, 2014;

5) The Order (Doc. 56) entered on December 30, 2014;

6) Luis E. Rivera II, as Trustee in Bankruptcy for Trudie Leigh Rosenbach, Case No. 9:14-bk-08810-FMD's Response (Doc. 57) filed on January 13, 2015; and,

7) Trustee Rivera's Joinder (Doc. 58) filed on January 13, 2015.

    The Plaintiff, Trudie Rosenbach, and the Defendants, Kevin P. Rosenbach, M.D., P.A., Careone Health Care Centers, LLC, Naples Allergy Center, LLC, TC Trust, LLC, and Timothy

Yablonowski (collectively "Defendants") are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

In the Joint Motion for Approval of Settlement (Doc. 53), the parties informed the Court that the Plaintiff had filed a bankruptcy proceeding. The Court entered an Order (Doc. 54) requiring the Plaintiff to file a Memorandum of Law showing that she had standing to enter into the Mediated Settlement Agreement, that she and not the Bankruptcy Trustee, Luis Rivera, II was the proper party plaintiff, and that Trustee Rivera was not required to execute the Mediated Settlement Agreement. (Doc. 54, p. 2). The Plaintiff filed a Response to Order (Doc. 55), however, the Court was not satisfied with the Response (Doc. 55), and entered an Order (Doc. 56) requiring Trustee Rivera to show that the Plaintiff has standing to enter into the Mediated Settlement Agreement, that he approved the terms and conditions of the Mediated Settlement Agreement, whether the Court must wait for approval by the bankruptcy court as to the terms of the settlement, and if he is not substituted as a party plaintiff, then to whom the settlement proceeds were to be paid.

Trustee Rivera filed a Response (Doc. 57). Trustee Rivera asserts that the Plaintiff arguably had standing to pursue her FLSA claim because the Bankruptcy Court had not entered its Order sustaining the Trustee's Objection to the Plaintiff's Claim of Exemptions until December 9, 2014, which was after the date she entered into the Mediated Settlement of October 24, 2014. Further, Trustee Rivera stated that whether the Plaintiff had standing to enter into the Mediated Settlement was moot because the Trustee consented to the terms and conditions of the Mediated Settlement, and the Bankruptcy Court has already approved the terms and conditions of the Mediated Settlement. Trustee Rivera stated that the proceeds from the settlement would be paid into the bankruptcy estate. In addition, Trustee Rivera also filed a Joinder (Doc. 58) which joins

and adopts the Joint Motion for Approval of Settlement (Doc. 53). The Court is satisfied that the issues surrounding the Plaintiff's bankruptcy have been resolved.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff contends that she was employed by the Defendants and claims that she did not receive overtime compensation for the hours worked. Some of the Defendants argue that they

were not her employer. Further, the Defendants assert that there is a *bona fide* dispute as to whether the Plaintiff was fully compensated. The Plaintiff initially requested $38,928.00 for overtime work. The parties negotiated a settlement, and the total amount of the settlement is $25,000 for overtime compensation, liquidated damages and attorneys' fees and costs. The parties further agreed to allow the Defendants to pay the settlement over a period of eighteen (18) months, and request the Court retain jurisdiction for that period of time. The bankruptcy estate will receive $12,796.00 for back wages and liquidated damages. The Court determines that the settlement reached is fair and reasonable as to back wages and liquidated damages.

The Defendant agrees to pay $12,204.00 in attorney's fees and costs. Pursuant to the FLSA, generally a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs. 29 U.S.C. §216(b), *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009). Counsel actually incurred $16,065.00 in fees and $2,204.00 in costs but reduced the amount to $12,204.00 for fees and costs. The Court finds this amount to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of Settlement (Doc. 53) be **GRANTED** and the Mediated Settlement Agreement (Doc. 53-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues, and that the proceeds be paid to the bankruptcy estate in Case No. 9:14-bk-08810-FMD.

2) That the Court retain jurisdiction over this settlement for a period of eighteen (18) months.

3) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 16, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties